## MAX v EATON

Ohio Appeals, 1st Dist, Hamilton Co

No 4310.  Decided Feb 27, 1933

Maurice H. Koodish, Cincinnati, and Leonard H. Freiberg, Cincinnati, for plaintiff.

Wm. C. Busch, Cincinnati, and Brink, Marckworth, Cooney and Hennegan, Cincinnati, for defendant.

**ROSS; J.**

It is claimed that the plaintiff may waive the condition upon which his offer is expressly predicated and enforce the contract against the defendant. If such is the case, an entirely different situation is presented than that originally made by the conditional offer. If the defendant sought to enforce the contract without securing the acquiescence of Ludwig and Mrs. Eaton, he obviously would be met by a complete defense upon the part of the plaintiff, that his offer was specifically conditioned upon a requirement which had not been met.

Having made his offer so conditional, can plaintiff now remove the conditions at his will, while the contract is still unexecuted by either party and enforce performance?

We conclude that he can not. This is not a case of waiver by agreement or after performance, nor is there any element of es-

toppel involved. Nor is it such a case as would be presented if Eaton had requested to be relieved of the requirement and such request granted by plaintiff. The law is well stated in the case of **Thurston et v Ludwig, 6 Oh St, 1,** where it is stated in the syllabus:

"A verbal agreement, to be effectual as a waiver, variation, or change in the stipulations of a prior written contract between the parties, must rest under some new and distinct legal consideration, or must have been so far executed or acted upon by the parties that a refusal to carry it out would operate as a fraud upon one of the parties."

A case very similar to the case at bar is found in 67 Maryland Reports, 246, King v Warfield et. The syllabus is as follows:

"An instrument of writing under seal, purporting to be a lease, provided that it should not be binding on the lessee in any way until he should be appointed and installed by the proper officers of the Baltimore and Ohio Railroad Company, as freight and ticket agent of the said company at a particular station. The lessee, although not appointed by the officers of the railroad company as such agent, elected that said lease should be binding on him, and demanded possession of the demised premises from the lessors. They refused to deliver possession, and in consequence of such refusal, they were sued by the lessee to recover damages. The defendants demurred to the declaration. HELD:

"That the contract was to become binding upon both parties only when the plaintiff obtained the appointment of freight and ticket agent which he was seeking, and as that contingency, which was dependent upon the action of third parties, had not happened, the plaintiff was free from all obligations intended to be created by the instrument under seal, and was therefore in no position to maintain a suit against the defendants for the alleged non-performance of a contract by which he was not bound."

At page 249, 250, the court say:
"And in Routledge v Grant, 3 Carr. & P., Best, J, emphatically says: "It is not just that one party should be bound when the other is not."

"It is manifest that this is one of those legal principles so well established as to be beyond the scope of controversy. The proper construction of this executory contract

is that it was to become binding upon both parties when the appellant obtained the appointment he was seeking to obtain. It would become operative as soon as that contingency happened, and not before. As that contingency, which was dependent on the action of third parties, has not happened, the appellant is free from all obligations, and is therefore in no position to maintain a suit against the appellees for an alleged non-performance of a contract by which he is not bound in any respect. He cannot, at his own option, now impose on them obligations not created by the instrument under seal. As was said by Chancellor Johnson in Duvall v Myers, 2 Md. Ch. Decis., 405, "a party not bound by the agreement itself, has no right to call upon the judicial authority to enforce performance against the other contracting party, by expressing his willingness to perform his part of the agreement. His right to the aid of the court does not depend upon his subsequent offer to perform the contract on his part, when events may have rendered it advantageous to do so, but upon its originally obligatory character."

While it is well settled therefore that a new contract may be substituted for another by agreement and for a consideration, and that after performance conditions in favor of a contracting party may be waived, and that conditions amounting to estoppel to assert conditions in a contract may arise, it is just as obvious that a purely executory contract can not be changed so that conditions made precedent to the validity of an offer are removed and an entirely different situation prescribed.

The petition of the plaintiff is dismissed, and the relief prayed for by defendant Eaton is granted.

An entry may be presented accordingly.

HAMILTON, PJ, and CUSHING, J, concur.